hPER CURIAM.
Granted. The court of appeal’s decision is reversed and the defendant’s conviction and sentence are reinstated.
From the testimony at trial, it appears that the on-duty university officer acted in accord with La.C.Cr.P. art. 213(1) when he immediately pulled over the defendant af *514 ter observing him weaving between the lanes and repeatedly crossing the fog line on a well-traveled roadway approximately one mile from the officer’s post. See also R.S. 17:1805 (authority of university or college police officer to arrest in areas within or adjacent to the perimeter of the campus); La.C.Cr.P. art. 215.1. Moreover, even assuming that the officer acted outside of the territorial limits of his authority, his conduct did not flagrantly disregard those limits and did not provide constitutional grounds for suppressing evidence of the defendant’s intoxication. See State v. Matthieu, 506 So.2d 1209 (La.1987). The officer otherwise lawfully observed the traffic violations which preceded the stop, and the circumstances under which the officer seized the defendant, whether legal or | ¡illegal, did not preclude prosecution of the traffic infractions based on those independent observations. United States v. Crews, 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980) (“An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction.”).